UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIBOLA OJO,<br><br>                   Plaintiff,<br><br>-against-<br><br>WE PEBBLE POINT, LLC,<br><br>                   Defendants. | 25-CV-3972 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that his former landlord, We Pebble Point, LLC ("We Pebble"), deprived him of his rights in connection with his eviction from an apartment in Indianapolis, Indiana. He invokes the Court's federal question jurisdiction and diversity jurisdiction. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Southern District of Indiana.

## BACKGROUND

Plaintiff, who currently resides in Brooklyn, New York, brings this action asserting claims arising from his eviction from an apartment located in Indianapolis, Indiana. In his complaint, which was completed using a court-issued form, he responds to a question regarding the basis for federal court jurisdiction by stating, "440 civil rights[,] [r]acism[,] theft[,] [and] sabotage."[1] (ECF 1, at 2.) Plaintiff provides a timeline of events where he alleges that he rented an apartment from We Pebble in May 2022, that he paid his rent, and that during court

---

[1] Plaintiff does not specify which of his federal civil rights were violated. For example, he does not affirmatively assert that this action is brought under 42 U.S.C. § 1983 or 42 U.S.C. § 1981.

proceedings concerning Plaintiff's payment of rent, Plaintiff continued to maintain that he paid his rent. (*See id.* at 5-6.)

Plaintiff previously brought an action in this court against We Pebble, as well as another defendant, the Marion County Small Claims Courts ("Marion Small Claims"), asserting claims under 42 U.S.C. § 1983. *See Ojo v. WE Pebble Point, LLC*, No. 23-CV-9010 (LTS) (S.D.N.Y. Nov. 7, 2023). By order dated October 24, 2023, the Court transferred the action to the United States District Court for the Southern District of Indiana. *See id.* ECF 4. By order dated November 27, 2023, the Southern District of Indiana determined that Plaintiff could not state a Section 1983 claim against We Pebble because it is a private actor, and that the court lacked subject matter jurisdiction of Plaintiff's claims against Marion Small Claims. *See Ojo v. WE Pebble Point, LLC*, No. 23-CV-2003 (TWP) (MKK) (S.D. Ind. Jan. 9, 2024) ("*Ojo I*"). Plaintiff next filed a second action in the Southern District of Indiana, asserting the same claims against We Pebble and Marion Small Claims. *See Ojo v. We Pebble Point, LLC*, No. 24-CV0347 (JRS) (MKK) (S.D. Ind. Oct. 30, 2024) ("*Ojo II*"). In *Ojo II*, the Southern District of Indiana dismissed Plaintiff's claims for the same reasons his claims were dismissed in *Ojo I*, with leave to replead. Plaintiff did not amend his pleadings, and the Southern District of Indiana dismissed the action without prejudice. *See id.* ECF 12.

According to the docket entries in *Ojo II*, it appears that Plaintiff moved during the litigation of that action and did not receive notice of several orders, as court documents were returned to the court. *See Ojo II*, No. 24-CV-0347 (ECF 13).

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

2

substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Because Plaintiff filed this action regarding events occurring in Indianapolis, Indiana, where Defendant is located, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1), (2). Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Marion County, Indiana, which is located in the Southern District of Indiana. *See* 28 U.S.C. § 94(b)(2). Accordingly, venue lies in the Southern District of Indiana. *See* 28 U.S.C. § 1391(b)(2).

Because it appears that Plaintiff may not have received several court documents in *Ojo II*, and he manifests an intent to litigate this matter by filing the complaint in this action, the Court transfers this action, in the interest of justice, to the United States District Court for the Southern District of Indiana, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Indiana. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 16, 2025
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge